2022 IL App (1st) 181761-U

No. 1-18-1761

Order filed July 8, 2022

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 MC 4005960 |
| | ) | |
| GIOVANNI LYLES-DAWSON, | ) | Honorable |
| | ) | Eulalia V. De La Rosa, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE SHARON ODEN JOHNSON delivered the judgment of the court.
Justices Mikva and Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant's battery conviction reversed where the evidence was insufficient to prove he knowingly made physical contact of an insulting or provoking nature when he swung at but did not hit a police officer in the face.

¶ 2    Following a bench trial, defendant Giovanni Lyles-Dawson was found guilty of one count of misdemeanor battery and one count of resisting a peace officer. The trial court sentenced defendant to 18 months' conditional discharge on each count, to be served concurrently. On appeal, defendant argues, and the State concedes, that his battery conviction should be reversed because

the evidence was insufficient to prove beyond a reasonable doubt that he knowingly made physical contact of an insulting or provoking nature when he swung at but did not hit a police officer in the face. We agree and reverse defendant's battery conviction.

¶ 3    The State charged defendant with two counts of battery (720 ILCS 5/12-3(a)(2) (West 2016)) and one count of resisting a peace officer (720 ILCS 5/31-1(a) (West 2016)) based on his participation in an altercation involving Officer Smith[1] and Officer Brandon Hawkins of the Maywood Police Department. The battery counts alleged that defendant "knowingly made physical contact of an insulting nature" by "striking [each officer] in the body in an attempt to defeat arrest." The resisting a peace officer charge alleged that "defendant pushed Officer Hawkins in the body several times" and "continually pull[ed] his arms and body away in his attempt to defeat arrest."

¶ 4    We summarize the evidence adduced at trial relating to the battery charge against Smith, which is the only conviction appealed. [2]

¶ 5    Smith testified that around 1:18 a.m. on December 3, 2016, he responded to Hawkins' call for assistance at a restaurant on West Roosevelt Road. Upon arrival at the scene, he observed defendant and a group of individuals[3] in the parking lot with Hawkins. Defendant was yelling at Hawkins, and people were trying to stand between them. Hawkins identified defendant as the offender and instructed him to arrest defendant. Smith informed defendant he was being charged with "battery, disorderly." Smith attempted to place defendant in custody by reaching for his left

---

[1]The record does not reveal Officer Smith's first name.

[2]Defendant was acquitted of the battery charge against Hawkins and convicted of resisting a peace officer. Defendant does not appeal his resisting a peace officer conviction.

[3]Three individuals were named codefendants in this case, which proceeded to a joint bench trial.

arm, but defendant "yanked his arm away from [him] and pushed [him] into the passenger side door of a car." Defendant started swinging at Smith's face using closed fists, but "he did not" strike his face because Smith was dodging him. Smith then punched defendant in the forehead with a closed fist, and defendant fell to the ground where he was handcuffed.

¶ 6 The State published dash camera video footage for the court.[4] The footage, which is included in the record on appeal, shows, in relevant part, a group of individuals arguing with several officers in the parking lot of the restaurant. Defendant is standing with his back to the inside of the front passenger side of a car that has its door wide open. Smith arrives on the scene and approaches defendant, who has his hands up in the air. A commotion occurs involving defendant, the group of individuals, and several officers who are present. Smith is seen between defendant and the open front passenger side car door while defendant's arms are moving up and down and swinging in different directions. Smith grabs defendant's left arm and the open front passenger side car door is rocking backwards and forwards from their movement. Defendant swings towards Smith's face, who is seen ducking. After more commotion, defendant is taken down to the ground.

¶ 7 Defendant testified on his own behalf and denied swinging at any officers or intentionally pushing anyone. He also denied pushing Smith into the front passenger side of a car door, and "the video shows you that." Defendant had his hands in the air trying to protect himself. He stated Smith attacked him, beat him down, and struck him a couple of times.

---

[4]Defendant stipulated to the foundation of the dash camera video.

¶ 8    The trial court found defendant guilty of battery against Smith, stating "what [it] saw on that video was [defendant] swung. [Smith] did hit [him], but [defendant] swung at [Smith] first." It also found defendant guilty of resisting a peace officer and not guilty of battery against Hawkins.

¶ 9    Defendant filed a motion to reconsider the finding of guilt. During the hearing on the motion, defendant argued, "the officer's testimony[] [is] that [defendant] made no direct contact with his face. He only swung at him. And a swing is not the same as a battery." The trial court denied the motion, explaining it "clearly saw [defendant] in the video hit Officer Smith in the face." The trial court sentenced defendant to a concurrent term of 18 months' conditional discharge on the battery to Smith and resisting a peace officer counts. Defendant timely appealed.

¶ 10    On appeal, defendant argues, and the State concedes, that the evidence failed to prove he knowingly made physical contact of an insulting or provoking nature when he swung at and failed to hit Smith's face.

¶ 11    When a defendant challenges the sufficiency of the evidence, the reviewing court must determine whether, viewing the evidence in the light most favorable to the State, " '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *People v. McLaurin*, 2020 IL 124563, ¶ 22 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The State bears the burden of proving beyond a reasonable doubt every element of an offense. *People v. Gray*, 2017 IL 120958, ¶ 35. We will not reverse a criminal conviction unless the evidence is so unreasonable, improbable, or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. *People v. Hines*, 2021 IL App (1st) 191378, ¶ 31.

¶ 12    To sustain a battery conviction, the State must establish that a defendant knowingly made physical contact of an insulting or provoking nature with an individual. 720 ILCS 5/12-3(a)(2) (West 2016).

¶ 13    In this case, we agree with the parties that the evidence was insufficient to prove beyond a reasonable doubt that defendant "knowingly made physical contact" with Smith when he swung at Smith but did not hit him in the face. In reaching our conclusion, we considered, as the parties did, Smith's testimony that he dodged defendant's swing directed at his face. Based on our viewing of the dash camera video footage, we also agree with the parties that it is not readily apparent that defendant swung at and hit Smith in the face. Moreover, as the State also concedes, the trial court did not find defendant guilty of making "physical contact of an insulting or provoking nature" with Smith in a different way. We accept the State's concession that "the evidence was unequivocal in showing that defendant did not in fact punch [Officer] Smith in the face or head." We therefore reverse defendant's battery conviction, finding the evidence demonstrating that defendant hit Smith in the face so unreasonable, improbable, and unsatisfactory that it creates a reasonable doubt of defendant's guilt.

¶ 14    For these reasons, we reverse the judgment of the circuit court of Cook County as to the battery conviction. We affirm the court's judgment in all other respects.

¶ 15    Affirmed in part and reversed in part.